NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARREN GABRIEL LACHANCE, | No. 21-16694 |
| Petitioner-Appellee, | D.C. No. 3:17-cv-00689-MMD-WGC |
| v. | |
| JAMES DZURENDA; et al., | MEMORANDUM[*] |
| Respondents-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted May 12, 2023
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BENNETT,[**] District
Judge.
Concurrence by Judge FRIEDLAND.

A Nevada jury convicted Darren LaChance of various offenses, including as

relevant here, domestic battery by strangulation and domestic battery causing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

substantial bodily harm.  *See* Nev. Rev. Stat. §§ 33.018, 200.481, 200.485.[1]  After

unsuccessful state postconviction proceedings, LaChance filed a federal habeas

petition subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The district court granted conditional relief on one ineffective assistance of counsel

("IAC") claim: counsel's failure to request a jury instruction on misdemeanor

domestic battery as a lesser included offense of domestic battery by strangulation.

The district court denied all remaining claims and declined to issue a certificate of

appealability ("COA") as to any of those claims.  The State of Nevada appeals

from the district court's order granting in part LaChance's habeas petition.

LaChance requests a COA on two denied claims.[2]  We have jurisdiction under 28

U.S.C. § 2253, and we reverse the grant of relief on the IAC claim and decline to

issue a COA.

1.    We review de novo a district court's grant of habeas relief.  *Dickinson*

*v. Shinn*, 2 F.4th 851, 857 (9th Cir. 2021).  As a threshold issue, the district court

___

[1] All references to the Nevada Revised Statutes refer to the version in effect in 2012 when LaChance committed the offenses.

[2] Although a motions panel previously denied LaChance's request for a COA, we have the power to revisit that decision.  *See Phelps v. Alameda*, 366 F.3d 722, 727 (9th Cir. 2004) ("[A merits panel has] the power to expand the scope of a COA to include additional issues, even if they previously had been deemed inappropriate for review."); *id.* at 728 n.6 (explaining that the law of the case doctrine does not preclude a merits panel from reviewing the issuance of a COA, as it is a jurisdictional issue).

determined that, under *Crace v. Herzog*, 798 F.3d 840 (9th Cir. 2015), the Nevada

Court of Appeals unreasonably applied *Strickland v. Washington*, 466 U.S. 668

(1984), when it concluded that the IAC claim failed for lack of prejudice. Thus,

the district court declined to afford AEDPA deference to the Nevada Court of

Appeals's lack-of-prejudice determination and reviewed the IAC claim de novo.[3]

*See* 28 U.S.C. § 2254(d)(1).

In *Crace*, the state court had concluded that there was no *Strickland*

prejudice based on counsel's failure to request a lesser included offense

instruction. 798 F.3d at 846. In reaching that conclusion, the state court first

presumed that the jury must have found each of the elements of the offense proved

beyond a reasonable doubt, and then determined that, because the evidence was

"sufficient" to support the jury's verdict, the lesser included offense instruction

would have made no difference. *Id.* at 847. We held that the state court's

methodology was an unreasonable application of *Strickland* because it improperly

"converted *Strickland*'s prejudice inquiry into a sufficiency-of-the-evidence

question." *Id.* at 849.

Here, unlike in *Crace*, the Nevada Court of Appeals did not find that the

evidence supporting the greater offense was merely sufficient. Instead, in denying

the IAC claim, it relied on *Crace* and found that there was "*substantial* evidence to

---

[3] The Nevada Court of Appeals did not reach *Strickland*'s performance prong.

support" the jury's verdict. (emphasis added). That said, we need not decide whether the Nevada Court of Appeals unreasonably applied *Strickland* under *Crace* because, as discussed below, the IAC claim fails even under de novo review. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

To establish *Strickland* prejudice, LaChance must show that there is a reasonable probability that, had the lesser included offense instruction been given, the "jury would have convicted only on the lesser included offense." *Crace*, 798 F.3d at 849. "The likelihood of [that] result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

The evidence supporting the strangulation element[4] of the greater offense—the only difference between the greater and lesser offense—was strong. The victim, Starleen Lane, testified that LaChance viciously assaulted her for hours. She was "[c]rying, screaming," and begging him to stop. LaChance, while continually telling Lane he was going to "f***ing kill [her]," put his hand on "the lower part of [her] neck," impeding her breathing and almost causing her to pass out. LaChance was also hitting her with a flashlight and punching her "[e]verywhere" with his fists. The jury credited Lane's testimony as to the assault,

---

[4] To prove strangulation the prosecution had to prove that LaChance "intentionally imped[ed] the normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person in a manner that create[d] a risk of death or substantial bodily harm." Nev. Rev. Stat. § 200.481(1)(h).

which was supported by overwhelming evidence. A witness testified that Lane, who was being chased by LaChance, was "screaming for her life" and that when LaChance caught up to her, he hit her with "extremely forceful" blows. An officer, who arrived at the scene shortly after the attack, testified that he saw bruises and marks on Lane's body that were consistent with Lane's version of what happened, and that Lane told him that LaChance's hand was "around her throat" and that he "had cut her airway off causing her to almost pass out." Photos of Lane's injuries and her medical records also corroborated her testimony. Because the evidence supporting the strangulation element was strong, and because the evidence corroborating Lane's testimony was overwhelming, there is no substantial likelihood that the jury would have convicted LaChance on only the lesser included offense—misdemeanor domestic battery.

LaChance's counterarguments are weak. Lane's medical records and the photographs of her injuries did not directly contradict her testimony. Additionally, Lane's testimony that LaChance's hand was on her collarbones did not necessarily undermine her testimony that his hand was on her lower neck. Given the proximity between the collarbones and lower neck, the jury could have easily inferred that LaChance's hand extended to both Lane's collarbones and lower neck, especially given the size difference between LaChance, who is 6'1", and

Lane, who is 5'4". Finally, LaChance's argument that the jury may have discounted the officer's testimony is speculative.

Because LaChance fails to show *Strickland* prejudice, his IAC claim fails, and we need not address the district court's determination that counsel's failure to request the lesser included offense instruction was deficient. *See Strickland*, 466 U.S. at 697. We reverse the district court's grant of relief on the IAC claim based on counsel's failure to request a jury instruction on misdemeanor domestic battery as a lesser included offense of domestic battery by strangulation.

2.      LaChance requests a COA on two IAC claims that the district court rejected: counsel was ineffective by (a) failing to request a jury instruction on misdemeanor domestic battery as a lesser included offense of domestic battery causing substantial bodily harm, and (b) failing to investigate and present at trial Lane's Facebook messages. "[T]he showing required to satisfy [28 U.S.C.] § 2253(c) [for a COA] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As to the first claim, the district court reviewed it de novo[5] and determined that there was no *Strickland* prejudice because the evidence supporting the

---

[5] Again, we assume without deciding that de novo review applies because it does not affect the outcome. *See Berghuis*, 560 U.S. at 390.

substantial bodily harm element[6]—the only difference between domestic battery causing substantial bodily harm and the lesser offense of misdemeanor domestic battery—was so overwhelming that there was no reasonable probability that the jury would have convicted LaChance on only the lesser offense. No reasonable jurist would debate that conclusion given the overwhelming evidence that Lane experienced some physical suffering or injury that lasted longer than the pain immediately resulting from the attack.

As to the second claim, the Nevada Court of Appeals denied it based on lack of *Strickland* prejudice. That determination was neither contrary to nor based on an unreasonable application of Supreme Court precedent, *see* 28 U.S.C. § 2254(d)(1), as a reasonable jurist could conclude that the Facebook messages were consistent with Lane's testimony, and thus there was no reasonable probability that their admission at trial would have changed the outcome, *see Strickland*, 466 U.S. at 694; *Davis v. Ayala*, 576 U.S. 257, 269–70 (2015). LaChance also fails to show that the Nevada Court of Appeals's decision was based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d)(2). Thus, the district court correctly determined that LaChance failed to overcome

---

[6] The jury was instructed that "substantial bodily harm" means "[p]rolonged physical pain," and "prolonged physical pain" means "some physical suffering or injury that lasts longer than the pain immediately resulting from the wrongful act." LaChance has not challenged these instructions.

7

AEDPA deference on the IAC claim related to the Facebook messages, and reasonable jurists would not debate that determination.

**REVERSED.**

*LaChance v. Dzurenda*, No. 21-16694
FRIEDLAND, Circuit Judge, concurring:

I join this disposition except as to the discussion comparing the Nevada

Court of Appeals decision here to the state court decision reviewed in *Crace v.*

*Herzog*, 798 F.3d 840 (9th Cir. 2015). I do not think we need to reach—or hint

about—whether the Nevada Court of Appeals decision here comports with *Crace*

and *Strickland v. Washington*, 466 U.S. 668 (1984), given that we are holding that

the ineffective assistance of counsel claim fails even under de novo review.